Commonwealth *v.* Santiago, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ralph W. D. Levan,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Assistant District Attorney, and *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1970:

Gabino Santiago was indicted on charges of murder, voluntary manslaughter and involuntary manslaughter arising out of the death of Jose Emilio Ramirez in June of 1967. At his arraignment on September 7, 1967, Santiago, who was represented by privately retained counsel, stood mute and the Court entered a plea of not guilty on all three charges. On September 25, 1967, the date set for trial, the Judge was advised that San-

tiago had indicated his willingness to enter a plea of *guilty to voluntary manslaughter.** There then followed a colloquy between the trial Judge and Santiago with respect to the latter's understanding of the charges against him and the significance of his guilty plea. His attorney also participated in this questioning, and Santiago, a native of Puerto Rico, was assisted by an interpreter.

The trial Judge, satisfying himself that Santiago understood the nature of the charges against him and the significance of his guilty plea, accepted the plea and approved the dismissal of the charges of murder and involuntary manslaughter. A pre-sentence investigation was ordered.

On September 29, 1967, the Court sentenced Santiago to a prison term of not less than three and a half years nor more than ten years, together with a $100 fine. No appeal was taken.

On July 22, 1968, Santiago filed a Post Conviction Hearing Act petition with the trial Court, and the Public Defender of Berks County was appointed by the Court to represent him in the proceedings. Although the petition raises a number of allegations, it is clear from the testimony offered at the hearing on December 31, 1968, that the principal thrust of the petition for a new trial was based upon Santiago's lack of understanding at the time of entering his guilty plea.

At the post-conviction hearing, Santiago testified that, because of his poor understanding of the English language, he did not know what voluntary manslaughter meant, and that it was solely at the urging of his attorney that he pleaded guilty. He admitted, however, that his attorney explained to him that he was

---

* There is no indication from the record that Santiago had made a confession or given a statement implicating himself in the killing.

charged with murder and that if he went to trial he might receive as much as a life prison sentence. A Mrs. Milagros Rivera, a friend of Santiago, also testified at the hearing, stating that she assisted Santiago's attorney in discussing with him the various possible sentences for the crimes with which he was charged—murder and manslaughter—prior to the entry of his guilty plea. Santiago's attorney also testified at the hearing that he had fully explained to Santiago the possible defenses to the crimes with which he was charged, the probability of success, and the range of sentences which could be imposed. At the conclusion of this hearing, the petition was dismissed by the lower Court.

Even assuming that Santiago had great difficulty in understanding the English language,* it is clear that he has not sustained his burden of proving that he was unaware of what he was doing when he pleaded guilty. *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347. He was represented, we repeat, by competent counsel at every stage of the proceedings, and also at every stage had at least one interpreter available, some of whom were personal friends of his. Moreover, by his own testimony, he admitted that he realized that, had he gone to trial on a charge of murder, he could have received a more severe sentence. We find no merit in any of his contentions.

Order affirmed.

---

* He did answer a number of questions at the post-conviction hearing without the aid of an interpreter.