Commonwealth *v.* Whiting, Appellant.

276

Submitted April 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Lee Mandell,* and *Charleston & Fenerty,* for appellant.

*Peter J. Smith* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 17, 1972:

In June, 1963 the appellant entered a plea of guilty to murder generally, with a certification that the crime did not rise higher than second degree murder. The attorney for the Commonwealth noted his intention to proceed on an averment of a prior conviction of second degree murder.[1] A sentence of life imprisonment was imposed and no appeal was taken. On August 5, 1968, the appellant filed a petition under the Post Conviction Hearing Act[2] which was denied after a counseled hearing on September 30, 1970. We granted the appellant, on July 26, 1971, the right to appeal from the post-conviction determination, nunc pro tunc. Hence this appeal.

Appellant contends that his guilty plea was not voluntarily and intelligently entered; that he did not receive effective representation of counsel; that a statement was obtained in violation of his constitutional rights; and that constitutionally prohibited testimony was entered into evidence against him.

---

[1] Act of June 24, 1939, P. L. 872, §701, 18 P.S. §4701. This section provides in pertinent part: "Whoever is convicted of the crime of murder of the second degree is guilty of a felony, . . . and for the second offense, shall undergo imprisonment for the period of his natural life".

[2] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1972-73).

The appellant was arrested on November 11, 1962 and charged with the murder of the decedent, Evelyn Griffin. The postmortem examination revealed that the cause of death had been multiple stab wounds including two which penetrated the heart. Mrs. Rucker testified that on November 11, 1962 at approximately five or six p.m., while in her home at 1922 W. Paige Street, she heard the decedent scream, "Mrs. Rucker, help me please". After running to her front door, she stated that she saw the appellant on the pavement, stabbing the decedent in the chest. The knife was subsequently found on the highway in front of 1918 Paige Street and was determined to contain human bloodstains. Upon his arrest, the appellant admitted the stabbing to the arresting officer. Later, during his confinement, he attempted to hang himself. At the trial, appellant testified that he had no memory of the stabbing incident or the circumstances that led up to it. The defense also introduced into evidence the records of the Philadelphia General Hospital which showed that the appellant had been admitted on November 12, 1962 and was discharged one month later. The initial diagnosis was "possible psychosis". The diagnosis upon discharge was "no psychosis evident".

The first contention of the appellant is that the entry of the plea was not voluntary and intelligent in that he had not been advised of his right to be tried by jury; that he had not been advised of the effect of the averment of the prior conviction; and that he had not been informed that the entry of a plea substantially limited his right to appeal. Where a defendant enters a plea of guilty in a case tried prior to *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), and the record is silent as to what transpired regarding the entry of the plea, the burden of proving that the plea was involuntary and unintelligent, rests

upon the defendant. *Commonwealth v. Waters*, 445 Pa.
534, 285 A. 2d 192 (1971) ; *Commonwealth v. Strom-
berg*, 440 Pa. 168, 269 A. 2d 741 (1970) ; *Commonwealth
v. Duncan*, 437 Pa. 319, 263 A. 2d 345 (1970); *Com-
monwealth v. Emerick*, 434 Pa. 256, 252 A. 2d 365
(1969). A reading of the record of the post-conviction
hearing persuades us that this objection lacks merit
and does not require a detailed analysis to dispose of
the issue. The findings of the court below are not to
be disturbed unless they have no support in the record.
*Commonwealth v. Young*, 433 Pa. 146, 249 A. 2d 559
(1969). During the post-conviction hearing the trial
attorney for appellant contradicted his former client
and asserted that he did advise him prior to the entry
of the plea both as to his right to trial by jury and the
mandatory life sentence that was required by Section
701. The hearing court who viewed the witnesses ac-
cepted counsel's version.

Although the Commonwealth admits that appellant
was not advised of his appellate rights at the time of
the entry of the plea this record is void of any indica-
tion that the appellant was prejudiced. Assuming ar-
guendo, that the appellant is correct in his assertion
that he was unaware that the entry of a plea would
substantially limit his appellate remedies he has failed
to suggest any objection that we are not considering in
this appeal. Thus the error, if it exists, is harmless.

Turning now to the second claim that he did not re-
ceive effective assistance of counsel, we find this objec-
tion also to be without merit. Appellant cites as a
basis of this charge his trial attorney's failure: To offer
evidence reducing the offense to voluntary manslaugh-
ter; to move for a new trial; to introduce medical evi-
dence of psychosis; and to request a pre-sentence in-
vestigation. This Court has stated, "Our task in cases
of this nature therefore encompasses both an independ-

ent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives . . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Citations omitted). *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604-605, 235 A. 2d 349, 352-353 (1967). *See also, Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970).

Counsel's failure to offer mitigating evidence to reduce the degree of the crime is readily understood. He was severely handicapped by a client who was allegedly unable to recollect any of the events surrounding the incident. There was nothing in the trial transcript nor has the appellant subsequently suggested any testimony that should have been offered for this purpose. With respect to the charge that counsel failed to offer a motion for a new trial, here again, the trial record provided no basis for such a motion.

The degree of guilt hearing in this case preceded our decision in *Commonwealth v. McCusker*[3] and the prevailing law at that time refused the admission of evidence of mental illness to establish diminished responsibility. *Commonwealth v. Tomlinson,* 446 Pa. 241, 284 A. 2d 687 (1971) ; *Commonwealth v. Phelan,* 427 Pa. 265, 234 A. 2d 540 (1967) ; *Commonwealth v. Ahearn,* 421 Pa. 311, 218 A. 2d 561 (1966). The only permissi-

---

[3] 448 Pa. 382, 292 A. 2d 286 (1972).

ble purpose for which counsel would have been permitted to introduce such testimony would have been to establish the defense of insanity under the M'Naughten Rule. *Commonwealth v. Melton*, 406 Pa. 343, 178 A. 2d 728 (1962), cert. denied, 371 U.S. 851; *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A. 2d 852 (1961) ; *Commonwealth v. Woodhouse*, 401 Pa. 242, 164 A. 2d 98 (1960). In this case the only psychiatric testimony concerning this defendant known to have been available negated the presence of psychosis; it is quite understandable why counsel did not attempt to pursue this line of defense.

Equally without merit is the charge that counsel was derelict in failing to request a pre-sentence investigation. Having established the prior conviction, the sentence to be imposed was mandatory under the statute. Therefore, no purpose would have been served by the obtaining of a pre-sentence report. More appropriately, counsel avoided the possibility of a conviction of murder in the first degree, which would have been quite possible under the facts of this case, by recommending the entry of a plea with the certification by the District Attorney's office. Further, at the time of the degree of guilt hearing, counsel offered background testimony concerning the defendant, which is available for the future consideration of the Board of Pardons. We hold the record in this case unquestionably supports the conclusion that there was a reasonable basis for the manner in which counsel proceeded.

Appellant's third complaint is that the degree of guilt hearing was tainted by a reference to a statement he made without benefit of counsel. However, the degree of guilt hearing was three years prior to effective date of *Miranda v. Arizona*, 384 U.S. 436 (1966), and one year before the effective date of *Escobedo v. Illinois*, 378 U.S. 478 (1964). There is no claim that the to-

tality of the circumstances would justify a finding that the statement was coerced. *Spano v. New York,* 360 U.S. 315 (1959). *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A. 2d 426 (1968).

Lastly, appellant would have us conclude that perjured testimony was employed by the Commonwealth from the fact that the investigating detective, at the time of the preliminary hearing, stated that the Commonwealth did not have a witness to the actual stabbing. At the magistrate hearing, Detective Press testified that the only witness that the Commonwealth had at that time did not see the actual stabbing, but would testify that the appellant immediately after the incident, threw the murder weapon at her. At the time of trial, as we have indicated above, the Commonwealth was able to produce Mrs. Rucker, who actually witnessed the stabbing. Obviously, from these facts we cannot conclude that perjury was committed. It is quite probable that the testimony of Mrs. Rucker was not known to the police authorities at the time of the preliminary hearing.

The order of the court below is affirmed.

Mr. Justice MANDERINO concurs in the result.