Commonwealth *v.* Doman, Appellant.

*Raymond Doman,* appellant, in propria persona.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:
This is an appeal from the denial of post-conviction relief.

Appellant appeared before the Honorable Herbert R. CAIN, Jr., on October 27, 1971, at which time he pled guilty to charges of robbery and related offenses. Appellant was sentenced to a term of imprisonment of not less than ten nor more than twenty years.

No direct appeal was taken, but on July 31, 1972, appellant filed a petition seeking post-conviction relief. In said petition, appellant alleged that he was coerced into pleading guilty. At the PCHA hearing, appellant testified that he pled guilty on the assurance of defense counsel that he would receive a sentence of no more than five years. He further alleged that his plea had been entered partly because of threats that his wife would be arrested. Appellant's trial counsel testified before the hearing judge and denied all of appellant's assertions.

The hearing judge determined that the trial judge had conducted an extremely detailed colloquy prior to accepting appellant's plea. Furthermore, he found that appellant's story was incredible, and believed his attorney's testimony *in toto.*

After reviewing the trial record including the colloquy and the notes of testimony from the PCHA hearing, we cannot conclude that prejudicial error was committed requiring reversal. We are guided by *Commonwealth v. Young,* 433 Pa. 146, 249 A. 2d 559 (1969), wherein the Pennsylvania Supreme Court upheld the

denial of post-conviction relief to appellant, who claimed that his guilty plea had been induced by an inadmissible confession. In an opinion by Justice ROBERTS, the Court said at 147: "We start with the initial premise that the findings of the court below will not be disturbed unless they have no support in the record." The Court concluded: "The determination of whether the plea was primarily induced by the confession is one that the hearing judge will make largely through his firsthand examination of appellant. . . . As we stated earlier, in our position as an appellate court we cannot properly read a cold record and overturn a decision of the court below that has evidentiary support." 433 Pa. at 149. We believe the findings of the hearing judge, in the instant case, are likewise binding upon us.

The order of the court below denying post-conviction relief is affirmed.