348 A.2d 894
**COMMONWEALTH of Pennsylvania**
v.
**William A. SKURKIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted June 23, 1975.

Decided Nov. 26, 1975.

260

Thomas J. Calnan, Jr., Allentown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

On February 5, 1973, appellant, represented by retained counsel, entered a plea of guilt to murder general-

ly and was adjudged guilty of murder in the second degree for the shooting death of his son. Sentence of imprisonment of 10 to 20 years was imposed. No direct appeal was filed.[1]

On May 23, 1975, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* alleging (1) denial of his right to representation by competent counsel, (2) that his guilty plea had not been knowingly entered, and (3) that his right to appeal had been unlawfully obstructed. Counsel was appointed and, following a hearing, relief was denied. The appeal followed.

Initially we note that trial counsel, was retained by a member of appellant's family shortly after the arrest and conducted the defense throughout the proceedings below. Counsel was successful in suppressing appellant's in-custody confession.

From the outset the defense was handicapped because appellant claimed he had no recollection of the occurrence. This inability to recall the circumstances surrounding the incident was attributed to his heavy consumption of alcoholic beverages during that period. The only known living witness to the event was appellant's wife who was also a victim. Equally significant, appellant has never seriously questioned the Commonwealth's assertion that he fired the shots that wounded his wife and caused the death of his son. There was also competent evidence that strongly suggested appellant had no remorse for his acts.

In this context we will now turn to the specific allegations upon which appellant's claim of ineffective assistance of counsel is predicated. It is asserted that

---

1. Appellant also entered a plea of guilt to the charge of aggravated assault and battery for shooting his wife and was sentenced under that bill of indictment to a term of imprisonment of one to three years. No challenge has been raised as to that plea.

counsel was derelict in failing to insist upon a degree of guilt hearing which is mandated under Pennsylvania Rule of Criminal Procedure 319A. This claim arises because trial counsel attempted to persuade the court that there was no necessity to hear the testimony of the Commonwealth's witnesses since the prosector's agreement to a finding of murder in the second degree had been secured.[2]   A reading of the record reveals this course of action was probably inspired by a realization that the evidence might well have caused the court serious question as to the appropriateness of a certification that the offense rose no higher than second degree.   In any event, the court did receive the testimony and the evidence unquestionably established that appellant was guilty of *at least* murder in the second degree.

■   Next, appellant criticizes his former counsel for failing to assert a theory that would support a finding of voluntary manslaughter.   The obvious response to this contention is that there was no evidence of provocation or passion.   Mrs. Skurkis' version eliminated any possible theory of a killing in passion.   Although she was not in the room at the moment the son was shot, she had just left her husband and son seconds before and there was no evidence of any argument which might have precipitated the occurrence.   To the contrary other testimony suggested that appellant's acts resulted from a long standing dissatisfaction the father held towards his son. To accept appellant's position would require a finding that counsel was ineffective for failing to raise a nonexistent theory.   See, *Commonwealth v. Boone,* 450 Pa. 357, 359, 301 A.2d 699, 700 (1973) ; *Commonwealth v. Whiting,* 449 Pa. 275, 280, 296 A.2d 788, 791 (1972).   It is quite apparent that former counsel utilized to the *full-*

---

2.   Interestingly, although Mr. Worth (trial counsel) appeared at the post-conviction hearing and was available for cross-examination, appellant through his new counsel made no effort to inquire into the reason for this approach.

*est extent,* the only mitigating factor available to him, i. e., appellant intoxicated condition.[3]

■ Appellant, also charges that former counsel permitted "the admission of suppressed evidence without objection at his sentencing hearing." Even if we were to accept the view that this action was evidence of the inadequacy of the quality of representation it would relate only to the sentencing procedure and would provide no basis for giving relief regarding the entry of the plea. Moreover, it is clear that this complaint is also without merit. Appellant has failed to indicate specifically the objectionable statements to which he refers in this argument or to designate the witness or witnesses who allegedly offered this testimony. A reading of the transcript of the sentencing hearing reflects that the entire proceeding was devoted to witnesses called by appellant to supply the court with that information which the defense wished the court apprised before the imposition of sentence.

■ Finally, appellant urges us to find that former counsel was incompetent because he did not advise him that the court would appoint counsel to prosecute an appeal if appellant did not have the financial resources to continue to retain private counsel. Here again this issue does not relate to the quality of representation at the time of the entry of the plea. This assertion touches upon whether appellant has been denied his right to an appeal and if substantiated would only justify the allowance of an appeal as though timely filed. It would not support appellant's request that the plea of guilt be invalidated.

3. The record also shows that Mr. Worth in negotiations with counsel for the prosecution urged the acceptance of a plea to voluntary manslaughter. After the rejection of this overture it would have been folly for him to have demanded trial in view of the evidence available against his client.

■ We have frequently had occasion to set forth the scope of our inquiry where the competency of counsel has been challenged:

> "Our task in cases of this nature therefore encompasses both an independent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is determined constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether the alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Citations omitted). *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967). *See also, Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970). *Commonwealth v. Whiting,* 449 Pa. 279–280, 296 A.2d at 791 (1972).

The strategy employed by trial counsel in the instant proceeding was designed to effectuate his client's interest and in our judgment accomplished that which it intended to achieve.

■ We therefore conclude that appellant was not denied the effective assistance of counsel. See, *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

■■ Next, our review of the plea proceedings satisfies us that appellant was aware of the nature of the charges against him and that his plea was understandingly and voluntarily tendered. Appellant was very in-

toxicated at the time of the shootings and repeatedly stated on several occasions that he did not remember the incident. Where the accused at the time of the proceedings does not know or asserts he does not know the circumstances of the crime, a plea of guilt to that crime should of course, be accepted with great caution. *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969); *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A.2d 290 (1969). Although appellant's in-custody admissions were suppressed, there was other substantial evidence of guilt. At the Post Conviction Hearing Act proceeding, appellant did not actively dispute that his plea was knowingly entered. He admitted that he understood the nature of the charges. Mr. Worth's testimony indicated that attorney and client had discussed the alternative of going to trial and the possible jury verdict of first degree murder. Appellant has not sustained his burden of proving that he was unaware of the full consequences of his act when he entered the plea.

Specifically, appellant argues that the colloquy accompanying the entry of the plea was inadequate when compared to the suggested standard set forth in the Comment to Pennsylvania Rule of Criminal Procedure 319.[4] We disagree.

4. Under the Comment to Pa.R.Crim.P. 319, adopted June 30, 1964, eff. Jan. 1, 1965, amended Nov. 25, 1968, eff. Feb. 3, 1969, which was in effect at the time of the entry of this plea, the following list of minimum questions was suggested:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) What acts defendant performed and whether these acts constitute the crime charged?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware of any plea bargain or other arrangement?

(7) Is the defendant aware that the judge is not bound by any plea bargain or other arrangement between defense counsel and the attorney for the Commonwealth?"

■ Appellant first states that the colloquy did not provide sufficient information regarding the elements of the offenses charged against him. The record shows that appellant was fully appraised of the distinction between second degree murder and voluntary manslaughter. Counsel also fully discussed his reasons for concluding that the evidence would not sustain a voluntary manslaughter finding. Appellant is correct in his assertion that he was not given, on this record, a detailed explanation of the elements of murder in the first degree. However, in view of the finding of murder in the second degree, this omission would be harmless.

Appellant also charges that the factual basis for the plea was not ascertained. The record demonstrates to the contrary. Appellant next insists that he was not fully appraised of his right against self-incrimination and the effect of his guilty plea upon such right. First, we note that this information was not required under the standard which appellant concedes was controlling at the time of the entry of this plea. Second, the record establishes that the judge did in fact advise Mr. Skurkis that a plea of guilty was tantamount to an admission of guilt.

■ Appellant takes exception to the court's statement that, "You understand that, once having entered a plea which is accepted by the Court, you may not withdraw that plea and demand a jury trial?" We do not share appellant's opinion that this is a misstatement of the law. While under certain circumstances we will permit the withdrawal of a plea after it is entered, Pa. R.Crim.P. 320; *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973); this is not a matter of right. *Commonwealth v. Peoples,* 456 Pa. 274, 319 A.2d 679 (1973); *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973). It would be improper to suggest to an accused that he had an unlimited right to withdraw a plea after its entry. In this context appellant suggests that

he was not instructed of his right to withdraw the plea if the agreement reached with the prosecutor was not accepted by the court. Here the only agreement was that the Commonwealth would certify that the charge rose no higher than murder in the second degree. This certification was made and accepted by the court. We therefore can find no harm resulting to appellant in the court's omission of this particular instruction.

The last objection raised by appellant concerning the colloquy pertains to the court's failure to advise appellant that he was entitled to receive court appointed counsel to prosecute his appeal in the case of indigency. This omission relates to appellant's claim of denial of his effective right of appeal. We will discuss this claim later in its proper context. It does not affect the quantum of information required to knowingly and intelligently reach a decision as to the entry of the plea.

This record provides no basis that would justify disturbing the court's finding of a voluntary and intelligent entry of the plea, e. g., *Commonwealth v. McNeill,* 453 Pa. 102, 305 A.2d 51 (1973); *Commonwealth v. Ward,* 442 Pa. 351, 275 A.2d 92 (1971); *Commonwealth v. Enty,* 442 Pa. 39, 271 A.2d 926 (1971); *Commonwealth v. Brandon,* 440 Pa. 147, 269 A.2d 653 (1970); *Commonwealth v. Santiago,* 440 Pa. 95, 269 A.2d 684 (1970); *Commonwealth v. Young,* 433 Pa. 146, 249 A.2d 559 (1969).

Appellant's third and final allegation for post conviction relief is that although he was advised of his right to appeal, he was never advised of his right to free counsel. The record does in fact support this contention.[5] The hearing court misapprehended the na-

---

**5.** The colloquy at the plea proceedings verifies appellant's claim that the trial court did not advise him of his right to appointed appellate counsel. At the hearings on his PCHA petition, appellant's trial counsel did not deny that he never fully informed appellant of his appellate rights.

ture of this right when it found that because appellant did not request appellate counsel, his rights under *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) were in no way obstructed. It is clear that when the record is silent on the question of a waiver of a right to appeal, the burden of proof on a collateral attack is on the Commonwealth to show these rights were knowingly and intelligently waived. *Commonwealth v. Herge*, 436 Pa. 542, 260 A.2d 787 (1970); *Commonwealth v. Ezell*, 431 Pa. 101, 244 A.2d 646 (1968). We find that the Commonwealth did not meet that burden.

However, appellant is not prejudiced by this error. An accused convicted of murder in the second degree following a plea of guilty to murder generally may contest only the validity of his plea and the lawfulness of his sentence.[6] Appellant has raised and we have reviewed, in this collateral proceeding all of the issues which he could have raised on direct appeal, thus, although the Commonwealth failed to establish an effective waiver of the right of appeal, it is clear that appellant has not been prejudiced thereby.[7] See generally, *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Dillinger*, 440 Pa. 336, 269 A. 2d 505 (1970); *Commonwealth v. Moore*, 440 Pa. 86, 270 A.2d 200 (1970); *Commonwealth v. Walters*, 431 Pa. 74, 244 A.2d 757 (1968); *Commonwealth v. Stokes*, 426 Pa.

**6.** We have also considered the propriety of the second degree murder finding and the absence of testimony which might support a finding of voluntary manslaughter. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

**7.** This Court has often noted that we will affirm an order if it is correct for any reason. *Commonwealth v. Blair*, 463 Pa. 387, n. 4, 344 A.2d 884, n. 4 (1975); *Commonwealth v. Tunnell*, 464 Pa. 464, n. 2, 345 A.2d 611, n. 2 (1975); *Commonwealth v. Hines*, 461 Pa. 273, n. 3, 336 A.2d 280 at n. 3 (1975).

265, 232 A.2d 193 (1967); accord, *Commonwealth v. Whiting, supra.*

Order affirmed.

POMEROY and MANDERINO, JJ., concur in the result.

ROBERTS, J., dissents.