385 A.2d 458

**COMMONWEALTH of Pennsylvania**

v.

**Harvey Lee TONEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1977.

Decided April 13, 1978.

Richard A. DeMichele, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Harvey Lee Toney, files the instant appeal following denial of his petition for relief under the Post Conviction Hearing Act. (Act of January 25, 1966, P.L. 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.*) He was granted a hearing on his claims and was represented by counsel other than his trial counsel. His sole claim on appeal is that he was denied the effective assistance of counsel at trial, where

he entered a guilty plea. We find this claim to be lacking in merit.

The record shows that appellant was indicted at No. 1810 June Term, 1969 on a charge of forcible rape. He was brought to trial in August 1970, and was adjudged guilty. He had been represented at trial by Philip Capone, Esq. A motion for new trial was filed by Attorney William Goldstein; the motion was successful and appellant was granted a new trial. Thereafter, in December, 1970, appellant appeared before a second judge and entered a guilty plea. He was represented at the time of the plea by Attorney Goldstein who had successfully represented him on the prior motion for new trial. Upon his plea, appellant was sentenced to 1½ to 8 years imprisonment, to run concurrent with a 3–10 year sentence he had received on a robbery bill. No direct appeal was filed.[1] On this P.C.H.A. appeal appellant maintains that Attorney Goldstein was ineffective. In doing so, he notes that counsel, in preparation for his defense, relied only upon a review of the transcript of the first trial and on information he obtained in meetings with the defendant. It is alleged that counsel was ineffective for failing to conduct an "independent investigation" of the facts and for failing to attempt "discovery under permissible rules of Court". No information is provided as to what information (helpful to a defense or otherwise valuable) may have been discovered by independent investigation or "discovery". No failure to interview witnesses, visit the crime scene, or any other similar defense effort is suggested which counsel may have neglected. Also, no specific prejudice is alleged or apparent from counsel's actions or lack of action.

A hearing was held in the lower court on the P.C.H.A. petition. Attorney Goldstein testified that he reviewed the transcript of appellant's first trial and held several meetings with his client in preparation for the second trial. With

1. While appellant might be held to have waived this issue (see *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975)), in view of the fact that the lower court conducted a hearing on his claims, and in light of the obvious lack of merit, there is no need for detailed inquiry into the waiver questions presented.

appellant's consent, he had several discussions with the District Attorney regarding a plea bargain, culminating in the prosecution's agreement to recommend a specific sentence. He spoke to the trial judge in an effort to determine whether a concurrent sentence would be possible in the circumstances. Further, the attorney discussed all of these matters, as well as appellant's rights, with him prior to the plea. The appellant readily agreed with his attorney's conduct and suggested plea of guilty. Appellant was in fact sentenced to the expected concurrent sentence which the district attorney recommended after the aforesaid negotiations with defense counsel.

Based on the record as described above, and especially in view of the appellant's failure to particularize any allegation of possible prejudice, it was not error to dismiss the claim of ineffective counsel. Contrary to appellant's assertions, it appears that he was well represented by effective counsel, who chose a course of action designed to effectuate his client's best interests. See *Commonwealth v. Skurkis*, 465 Pa. 257, 348 A.2d 894 (1975).

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.