Commonwealth *v.* Holl, Appellant.

Submitted April 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ,

*John B. Stevens, Jr.,* Public Defender, for appellant.

*Arthur Ed. Saylor,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 28, 1969:

This is an appeal from the denial, after hearing, of appellant's petition for relief under the Post Conviction Hearing Act. Appellant, after pleading guilty midway through his trial, was convicted of second degree murder and sentenced to 7-1/2 to 20 years imprisonment.

In the instant appeal, appellant contends: 1) his guilty plea was coerced by the threats of his brother, who was the actual killer; 2) his guilty plea was unknowing, for he did not understand and was never given an explanation of the consequences of his plea; 3) his guilty plea was unlawfully induced in that it was the result of a fear of being convicted of first degree murder and sentenced to death or life imprisonment. In numerous recent cases, we have held that whenever a defendant pleads guilty, he is presumed to be aware of what he is doing. The burden is upon him to prove that he did not enter his guilty plea knowingly. When he alleges that his guilty plea was unknowing, the matter is one of credibility and the hearing judge may refuse to believe the defendant's version of what happened.

*Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969), and cases cited therein. Thus, as to appellant's allegation that he did not understand his guilty plea, the trial judge would have been permitted to disbelieve appellant's testimony even if there were no testimony to rebut it. In fact, appellant's trial counsel testified that the ramifications of the plea were explained.

The allegation of coercion by appellant's brother was also a matter of credibility, quite within the hearing judge's power to resolve against appellant.

The third allegation, that the plea was induced by the fear of a harsher penalty if the trial continued, simply states no claim upon which relief can be granted.

Finally, appellant does make one argument that deserves some comment. In its opinion, the court below indicated that it would advise the Pennsylvania Board of Parole that appellant had wasted the time and money of the public authorities in bringing a petition which was groundless. We are not in position to grant any relief to appellant who has not demonstrated that he has been prejudiced. However, we can at this time express our disapproval of the procedures followed here. For a petitioner to be penalized for availing himself of his right to legal process is to place an unconstitutional condition upon the exercise of that right. In *Commonwealth v. Littlejohn,* 433 Pa. 336, 250 A. 2d 811 (1969), we held that where a defendant had been convicted and sentenced to life imprisonment his right to appeal could not be emasculated by attaching the condition that he could be sentenced to death if he won a retrial. Similarly, appellant's right to file a post-conviction petition cannot be jeopardized by the danger that if unsuccessful, he will lose his chance at parole.

The order of the court below denying post-conviction relief is affirmed.

Mr. Justice POMEROY concurs in the result.