## Commonwealth *v.* Lovett, Appellant.

106

Submitted January 5, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*Peter B. Scuderi,* for appellant.

*Edward G. Rendell* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Bell, March 18, 1971:

In May of 1956, appellant, Joseph Lovett, was arrested and charged with the murder of Robert Heffin. At his trial on February 4, 1957, appellant pleaded guilty to murder generally, with a certification by the Commonwealth that the crime would rise no higher than murder in the second degree. Appellant was represented by two attorneys when he entered his guilty plea, but there was no on-the-record colloquy concern-

ing the crime or the guilty plea or the voluntariness of the confession.

After hearing all the evidence, the trial Judge found the appellant guilty of murder in the second degree and sentenced him to not less than 7½ nor more than 20 years in prison. No direct appeal from the judgment or imposition of sentence was taken.

In March of 1969, appellant filed a petition under the Post Conviction Hearing Act asserting (1) a denial at trial of the right to appeal; (2) the admission at trial of a coerced confession; (3) ineffective assistance of counsel; (4) the trial Judge improperly permitted the guilty plea to stand after hearing the evidence; and (5) the Court erred in reviewing the appellant's juvenile record prior to adjudicating the degree of guilt. On September 3, 1969, the hearing Judge, after hearing the testimony, rejected the appellant's contentions and dismissed the petition. Defendant then appealed.

In this appeal, appellant presents two contentions. Appellant first contends, relying upon *Boykin v. Alabama,* 395 U.S. 238, that his guilty plea was not voluntarily, knowingly and intelligently made. While *Boykin* sets forth the requirement of an "on-the-record examination" to establish that a guilty plea was voluntarily, knowingly and intelligently entered, we have held that this decision was not retroactive. *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A. 2d 923. Since appellant's trial took place in 1957 and the effective date of *Boykin* was June 2, 1969, the *Boykin* requirement of "on-the-record examination" does not apply to the present case.

Although this is a silent-record case, the plea was entered long before our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196, and therefore the burden of proving that the plea was not voluntarily, knowingly and intelligently made was on

the appellant. *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737; *Commonwealth v. Knowles,* 440 Pa. 84, 269 A. 2d 739; *Commonwealth v. Enty,* 442 Pa. 39, 271 A. 2d 926 (1971). A careful review of the record establishes that the appellant has failed to carry this burden. At the P.C.H.A. hearing, Mr. Minisi, one of appellant's able trial attorneys, testified that he had reviewed with the appellant all of the possibilities and consequences which could result from a guilty plea. The appellant's testimony was to the contrary. This raised a question of credibility and the P.C.H.A. hearing Judge exercised his discretionary right and chose to believe the testimony given by Mr. Minisi. *Commonwealth v. Holl,* 434 Pa. 312, 254 A. 2d 11; *Commonwealth v. Enty,* 442 Pa., supra.

Appellant's second contention is that he was denied effective assistance of counsel. Our Court set forth the guidelines for testing effectiveness of counsel in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349. In that case, we stated (pages 604-5): "Our task in cases of this nature therefore encompasses both an independent review of the record, see Commonwealth ex rel. Sprangle v. Maroney, 423 Pa. 589, 225 A. 2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis** designed to effectuate his client's interests. The test is *not** whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon

---

* Italics in *Commonwealth ex rel. Washington v. Maroney.*

as it is determined that trial counsel's decisions had any reasonable basis."

A careful review of the record clearly establishes that the appellant was afforded effective assistance of counsel. The Commonwealth had twelve witnesses who were extensively interviewed by appellant's attorneys. Appellant's attorneys also called witnesses in an attempt to establish that the appellant was intoxicated at the time of the killing and also to show the facts pertaining to the killing and the relevant circumstances which led up to or caused it. Appellant's attorneys succeeded in bargaining with the Commonwealth for a second degree murder certification when a first degree murder conviction was a real possibility. Additionally, appellant's attorneys succeeded in procuring a sentence less than the maximum for the appellant. In the light of all the facts and circumstances, appellant undoubtedly failed to prove that he was denied effective assistance of counsel.

We find no merit in any of appellant's contentions. Order affirmed.

Mr. Justice ROBERTS concurs in the result.