## Commonwealth *v.* Davis, Appellant.

Argued April 20, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ira J. K. Wells, Jr.,* for appellant.

*William P. Boland,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, July 2, 1973:

The appellant, Calvin Davis, was arrested in September of 1969 and charged with murder as a result of his participation in a tavern robbery in which the bartender was killed. The appellant, who was at all times represented by private counsel, waived a jury trial and pled guilty to murder generally. Following a degree of guilt hearing, the appellant was found guilty of second-degree murder and sentenced to from ten to twenty years' imprisonment. No post-trial motions were filed.

On January 18, 1971, the appellant filed a petition with this Court for leave to appeal from his sentence and to proceed in forma pauperis, for appointment of counsel and for a special writ of certiorari. The writ was granted and counsel was appointed. This appeal

was initially argued before this Court on April 20, 1972. The appellant's sole argument on appeal is that he was denied the benefits of a plea bargain made between his counsel and the prosecuting district attorney, contrary to the decision of this Court in *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A. 2d 526 (1971). Because the record before us did not disclose whether there had ever been a plea bargain in this case, we issued a per curiam order on April 24, 1972, remanding the record to the trial court "with directions to conduct an evidentiary hearing in order to determine whether a plea bargain was struck."

In accord with our order a hearing was held in May and June of 1972. In October of 1972 the hearing judge filed an opinion which found as a fact that no plea bargain was ever entered into by the district attorney and that no promise of a recommendation for a specific lenient sentence was made. The record has now been returned to us for final disposition of this appeal.

At this juncture our scope of review is limited to ascertaining whether there are any facts on the record which support the findings of the hearing judge. *Commonwealth v. Young*, 433 Pa. 146, 147, 249 A. 2d 559, 560 (1969). Since the appellant's sole argument on appeal is that the district attorney failed to recommend a lenient sentence which he allegedly promised to do as part of a plea bargain, the hearing judge's finding that no plea bargain in fact existed is conclusive against the appellant if sustained. Our review of the record of the original guilty plea proceeding and the record of the evidentiary hearing conducted as a result of our remand shows that there is more than adequate factual support for the hearing judge's finding that "no plea bargain was struck."

The following exchange took place between the court and the appellant at the time the original guilty plea

was entered: "Q. You further understand that I am not part of the negotiations or discussions which the District Attorney and the defense counsel had; do you understand that? A. Yes, sir. Q. And that no matter what has happened between those two, if anything, that it is not binding upon me; do you understand that? A. Yes, sir. Q. Now, has anybody made any promises to you? A. No, sir. Q. Has anybody made any threats against you? A. No, sir."

At the hearing on remand the appellant testified that in return for his plea of guilty to murder generally, the prosecuting district attorney promised to recommend a sentence of four to fifteen years. According to the appellant, this promise was made in the presence of a Mr. Satterwaite, who worked as an investigator for the appellant's trial counsel at the time of the alleged bargain. The appellant also testified that at the same meeting the prosecuting district attorney instructed him to lie and answer in the negative if the judge asked him if any promises had been made to him.

The assistant district attorney who prosecuted this case testified that, although he was unable to recall this case specifically, he was positive that he never made a promise to recommend a specific sentence in a conference with Mr. Satterwaite, who was not an attorney, and that he had never instructed anyone to commit perjury. Mr. Satterwaite, who could have provided corroboration for one of these conflicting stories, died in the period between the alleged plea bargain and the hearing on remand.

Where the testimony is in conflict the credibility of the witnesses is within the province of the fact finder—in this case the hearing judge. There is ample evidence on the record to support the hearing judge's determination that no plea bargain was ever made.

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.