326 A.2d 352
**COMMONWEALTH of Pennsylvania**
**v.**
**Donald R. HOSACK, Appellant.**

Supreme Court of Pennsylvania.
Submitted March 20, 1974.
Decided Oct. 16, 1974.

Francis J. Fornelli, Sharon, for appellant.

Joseph J. Nelson, Dist. Atty., Mercer, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

In September 1968, appellant, Donald R. Hosack, entered a plea of guilty to murder generally and to two counts of rape. Following a degree of guilt hearing guilt was fixed at murder in the first degree. He was senenced to life imprisonment on the murder charge and to ten to twenty years on each count of rape to run consecutively. No direct appeal was taken. Subsequently appellant filed a PCHA petition under the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1–14, as amended 19 P.S. §§ 1180–1, 1180–14 (Supp. 1974–75) to the judgment of sentence imposed upon the

indictment charging murder, No. 41 June Term, 1968. After a hearing on the petition, the lower court denied relief. This appeal followed.[1]

■ Appellant first contends that he is entitled to withdraw his guilty plea because it was unknowing in that he was not aware at the time he entered the plea that he was entitled to a trial without a jury under Rule 1101 of the Pa.Rules of Criminal Procedure, 19 P.S. Appendix. However, in September, 1968, when this plea was entered, Rule 1101 did not permit a non-jury trial in a case in which a capital crime was charged. A capital crime was then and is now defined as one for which the death penalty may be imposed. See Rule 1100 Pa.Rules of Criminal Procedures (1973 ed.) and *Commonwealth v. Truesdale,* 449 Pa. 325, 331, 296 A.2d 829, 833 (1972). Since appellant, having been charged with a capital offense, was subject to the death penalty, Rule 1101 disallowed a non-jury trial in his case. We note that under the present Rule 1101, Pa.Rules Crim.Pro. (1974 ed.), this restriction was abolished in response to *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) which invalidated the death penalty as presently imposed.

■ Appellant next alleges that he is entitled to relief because the prosecutor failed to keep two promises which were used to induce appellant to plead guilty. The first promise alleged to have been made was that the prosecutor would nolle pros several outstanding charges against appellant.[2] The prosecutor did formally nolle pros a burglary charge and a larceny charge, but failed to formally nolle pros four outstanding rape charges. No attempt to prosecute these charges has been made. Although appel-

1. Our jurisdiction is determined by the Act of Jan. 25, 1966, P.L. 1580, § 11, as amended, 19 P.S. § 1180-11 (Supp.1974–75).

2. The Commonwealth does not dispute that this promise was made.

32

lant has shown no prejudice here and would probably be protected by the rules of speedy trial, see Pa.R.Crim.Pro. 1100 (1974) and *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972), in order to clarify the record and assure the full protection of appellant's rights, the record is to be remanded with the direction that these charges be formally nolle prossed.

■■ The second promise alleged to have been made was that the prosecutor would not seek the death penalty. The attorney who represented appellant at the time the plea was entered testified as follows:

> "No. I'm quite positive about this because I was very careful, I didn't understand it to be a commitment on the part of the District Attorney and I was very careful not to quote or suggest anything that was said specifically by the District Attorney or anyone else which might cause him to believe that."

On the basis of this evidence the hearing judge found that no such promise was ever part of the agreement. It is for the hearing judge to resolve any issue of credibility, *Commonwealth v. Davis*, 452 Pa. 369, 372, 306 A.2d 897, 898 (1973); *Commonwealth v. Karchella*, 449 Pa. 270, 273, 296 A.2d 732, 733 (1972); *Commonwealth v. Dickerson*, 449 Pa. 70, 73, 295 A.2d 282, 284 (1972) and in our view this testimony, if believed, was sufficient to support the finding by the court below.

■ Additionally, even assuming appellant was correct in his charge that the promise had been made and then breached by the Commonwealth, it is difficult to see any prejudice that resulted to this appellant since the death penalty was in fact not imposed. Therefore, the acceptance of appellant's statement of facts would still not justify grant of the relief requested at this time. See *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971).

■ The third and final assignment of error urged in this appeal is that the hearing court erred in finding that appellant was represented by competent and effective counsel. The seminal question in determining whether a defendant was denied effective assistance of counsel is whether the course chosen by defense counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 353 (1967).

> "The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney, supra* at 604–605, 235 A. 2d at 352–353 (1967).

Under this test we can find no support for appellant's allegation.

■ Two bases for the claim of ineffective assistance relate to two assignments of error discussed earlier. First appellant claims that his attorney erred in failing to inform him that he was entitled to a non-jury trial, and, second the attorney erred in not requesting withdrawal of the plea upon learning that the prosecutor intended to breach his agreement not to seek the death penalty. Since the premises relied upon here were shown to be incorrect there is no basis for the allegation of ineffective assistance of counsel.

■ Similarly, appellant now argues that counsel was ineffective because he allegedly advised appellant incorrectly that several co-defendants intended to plead guilty. However, these people did in fact plead guilty and we fail to see how appellant is entitled to relief as a consequence of this advice.

34

■ Appellant also alleges that his attorney was ineffective in failing to explore the defense of duress and in failing to allow appellant to testify that he committed the crime under duress. The post-conviction hearing judge found that appellant's counsel had taken the necessary steps to research and familiarize himself with this defense and the record supports this finding. Moreover, since the duress defense could only be brought out if appellant took the stand, it was reasonable not to pursue such a defense in view of the likelihood that appellant would not be believed because there was no strong basis for the claim of duress. It was also a reasonable decision in view of counsel's concern that appellant's exposure as a witness might well have provided a means for the introduction of other highly unfavorable facts regarding premeditation.[3] See *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1974) and *Commonwealth v. Whiting*, 449 Pa. 275, 296 A.2d 788 (1972).

■ Finally, appellant alleges that the failure to request a sanity hearing and failure to claim a denial of appellant's right to confer with counsel by reason of the seating arrangement amounted to ineffective assistance. We disagree. First it was reasonable not to request a sanity hearing after counsel received a report certifying appellant's sanity from a qualified psychiatrist who had been selected by the defense. See *Commonwealth v. Whiting, supra* at 281, 296 A.2d at 792, where we said:

"In this case the only psychiatric testimony concerning this defendant known to have been available negated the presence of psychosis; it is quite understandable why counsel did not attempt to pursue this line of defense."

3. Counsel was particularly concerned that his client's testimony on cross-examination could conclusively establish a premeditated plan to kill. Additionally, taking the stand could also prompt his co-defendant to testify and thus create a situation where each would attempt to exculpate himself and further cast blame on the other.

Secondly, there is no evidence that communication between appellant and his counsel was impaired and appellant fails to allege that he informed his counsel of his discontent with the seating arrangements. Thus, counsel cannot be faulted with failure to assert denial of his client's rights.

Accordingly, the order of the lower court is affirmed except insofar as the record is to be remanded with the direction that the four outstanding rape charges be formally nolle prossed.

It is so ordered.