333 A.2d 898
**COMMONWEALTH of Pennsylvania**
v.
**Edward Stanslaus ZAKRZEWSKI, Appellant.**

Supreme Court of Pennsylvania.

Argued April 26, 1974.

Decided March 18, 1975.

3. The appellant was arraigned at 10:55 A.M. the same morning.

529

530

Paul C. Vangrossi, Norristown, for appellant.

Milton O. Moss, Dist. Atty., William T. Nicholas, 1st Asst. Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appellate Div., Norristown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

On July 16, 1972, appellant, Edward Zakrzewski, was charged with the murder of one John Higgins. Upon the return of an indictment for the crime, appellant entered a plea of not guilty and moved for the suppression of a confession which he had given the police subsequent to his arrest. Concluding that the confession had been voluntarily made, the suppression court denied the motion. Appellant then, upon the advice of counsel, withdrew his plea of not guilty and entered a plea of guilty to murder generally. This plea was conditioned upon his right to withdraw it and proceed to trial should the court determine that the killing rose to murder in the first degree. A degree of guilt hearing was then conducted, at the conclusion of which the court found appellant guilty of murder in the second degree and sentenced him to not less than ten and not more than twenty years imprisonment. This appeal followed.[1]

1. In cases, such as the one at bar, where the defendant desires to withdraw a plea of guilty, whether before or after the imposition of sentence, the proper practice is for him to file a petition or motion in the trial court for leave to withdraw the plea. See *Commonwealth v. Starr*, 450 Pa. 485, 488, 301 A.2d 592, 594 (1973). The trial court will decide the matter on the basis of the petition and answer if no significant issue of fact is raised; or on the record made at an evidentiary hearing if one is deemed necessary or desirable. See by way of analogy, Pa.R.Crim.P. 1123, adopted June 8, 1973, which has made mandatory the filing of post-verdict motions. See also *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975) [filed January 21, 1975]. The imposition of sentence in the instant case occurred prior to the decision in *Starr*.

■■ Appellant seeks to have his guilty plea vacated upon two grounds.[2] It is first contended that the plea was involuntarily entered in that it was motivated by a confession which, appellant claims, was unconstitutionally obtained. In order to attack a guilty plea on this ground a defendant must allege and establish: (1) that the confession was, indeed, unlawfully obtained; (2) that the plea was primarily motivated by that confession; *and* (3) that his decision to plead guilty rather than to stand trial was made upon the incompetent advice of counsel. *Commonwealth v. Marsh*, 460 Pa. 253, 333 A.2d 181 (1975) [filed February 26, 1975]; *Commonwealth v. Williams*, 456 Pa. 377, 321 A.2d 608 (1974); *Commonwealth v. Velez*, 455 Pa. 434, 317 A.2d 252 (1974); *Commonwealth v. Tolbert*, 450 Pa. 149, 299 A.2d 252 (1973); *Commonwealth v. Hollenbaugh*, 449 Pa. 6, 295 A.2d 786 (1972); *Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972); *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970).

■■ In the case at bar appellant has made no claim, much less demonstrated, that his trial counsel was ineffective.[3] Indeed, a careful review of the record reveals that defense counsel's conclusion that it was in appellant's best interests to plead guilty was reasonable under the circumstances. We, therefore, reject appellant's

2. A post-sentencing petition for leave to withdraw a guilty plea is properly granted if the court is satisfied that allowing the plea to stand would result in manifest injustice. *Commonwealth v. Starr, supra* at 489, 301 A.2d at 594–95 (1973). *See also* ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty § 2.1 (Approved Draft, 1968).

3. Trial counsel and appellate counsel are the same in this case. It thus would remain open to appellant to challenge collaterally the effectiveness of trial counsel, notwithstanding this appeal. *See* Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 et seq. (Supp.1974); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) [J. 365]. With respect to the question involved in this appeal, however, namely, whether counsel incompetently advised appellant to plead guilty, the record is sufficient to enable this Court to resolve the issue at this time.

claim for relief on this ground. *See Commonwealth v. Sampson*, 445 Pa. 558, 285 A.2d 480 (1971); *Commonwealth v. Smith*, 442 Pa. 105, 275 A.2d 329 (1971); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Zakrzewski has filed with this Court a document in the nature of a brief or petition, prepared by himself, asserting that his plea was the result of assurances made to him by his lawyer that the District Attorney and the trial court had agreed to the imposition of a sentence not to exceed seven to fifteen years in exchange for his plea of guilty to murder generally.

It is settled that where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain. *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971). *See Commonwealth v. Hosack*, 459 Pa. 27, 326 A.2d 352 (1974); *Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30 (1972). *See also Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *But see Commonwealth v. Wilkens*, 442 Pa. 524, 277 A.2d 341 (1971). It is equally settled that a trial court may not, consistently with the requirements of due process participate in a plea bargain, *Commonwealth v. Sanutti*, 454 Pa. 344, 312 A.2d 42 (1973); *Commonwealth v. Evans*, 434 Pa. 52, 252 A.2d 689 (1969); and that a defendant's undispelled misapprehension that the court is bound by such an agreement is fatal to the validity of the plea. *Commonwealth v. Dickerson*, 449 Pa. 76, 295 A.2d 272 (1972). Appellant's allegation is a serious one, therefore, and if there were any possibility that it were true, we would remand for

an evidentiary hearing so that the facts might be found by the trial court.[4]

The record before us, however, contains an extensive colloquy among the trial judge, Zakrzewski and the latter's lawyer as to the existence or non-existence of a plea bargain. The trial court, in compliance with the directive contained in *Commonwealth v. Alvarado, supra,* 442 Pa. at 519–520, 276 A.2d at 528, inquired of both the appellant and his counsel whether any agreement had been entered into concerning the length of sentence to be imposed. Both answered explicitly in the negative. At three different times the court inquired of appellant whether he understood that it was within the court's power to impose the maximum sentence upon him; in each instance, appellant himself responded affirmatively. There is not the slightest intimation that there was any plea bargain. In the absence of any suggestion by appellant that he was not truthful because he was threatened or "coached", or because of some other reason that would necessarily be outside the record before us the exhaustive colloquy conducted below provides us with a sufficient factual basis for assessing appellant's claim and for concluding, as we do, that it is without merit.

Judgment of sentence affirmed.

ROBERTS, J., filed a concurring opinion.

NIX, J., filed a dissenting opinion in which MANDERINO, J., joins.

ROBERTS, Justice (concurring).

I remain of the view that "if appellant can establish that his confession was in fact unconstitutionally ob-

---

4. This was the procedure adopted by the Court in the similar situation presented in *Commonwealth v. Wayman,* 454 Pa. 79, 86, 309 A.2d 784, 788 (1973). *See also Commonwealth v. Davis,* 452 Pa. 369, 371, 306 A.2d 897 (1973).

tained and that it induced his plea, the plea should be invalidated without a showing of incompetent advice by counsel . . .." *Commonwealth v. Taylor,* 449 Pa. 345, 355, 296 A.2d 823, 828 (1972) (dissenting opinion of Nix, J., joined by Roberts & Manderino, JJ.); see also *Commonwealth v. Baity,* 428 Pa. 306, 307, 237 A.2d 172, 173 (1968); *Commonwealth v. Garrett,* 425 Pa. 594, 597–98, 229 A.2d 922, 925 (1967); *Commonwealth v. Marsh,* 440 Pa. 590, 596–97, 271 A.2d 481, 485 (1970) (concurring & dissenting opinion of Roberts, J.).

However, I conclude after reviewing the record that the suppression court's finding that appellant's confession was, in the totality of the circumstances, a voluntary one is supported by the record. Because appellant has thus failed to establish that his guilty plea was induced by an unconstitutionally obtained confession, I concur in the result.

While concurring in the result, I agree with the observations of Mr. Justice Nix on the impropriety of considering in this proceeding the effectiveness of appellant's counsel in the trial court.

NIX, Justice (dissenting).

I dissent. My views, as expressed in *Commonwealth v. Taylor,* 449 Pa. 345, 355, 296 A.2d 823, 828 (1972), that appellant need not demonstrate that his plea was entered as a result of incompetent advice of counsel, remains unaltered. The facts of this case only highlight the absurdity of the third requirement under the *Marsh* test. *Commonwealth v. Marsh,* 440 Pa. 590, 271 A.2d 481 (1970). Here appellant is represented by the same counsel who represented him at the time of the entry of the plea. The issue which the majority now demands this appellant to pursue if he is to be allowed to attack the constitutionality of the circumstances under which the confession was obtained is the effectiveness of his present counsel in advising appellant to enter the plea.

Counsel must guide appellant in criticizing his own stewardship of the case at the trial level.

The majority contends that the record is sufficient for us to make this determination without any recognition of the fact that appellant is severely compromised in this appeal because he lacks objective guidance on this issue. In *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974), we refused to find a waiver of the effectiveness of counsel claim under the Post Conviction Hearing Act [1] although it had not been raised on direct appeal, because appellant had been represented in that appeal by a member of *the same office* that represented him at trial. There we said "the law will not assume that counsel had advised his client of his inadequacies or those of his associates." Id. at 377, 316 A.2d at 898. Cf. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

The clear rationale expressed by this Court in *Via, supra,* is that a party who is called upon to meet the issue of his counsel's incompetence is in fact uncounselled. The majority while recognizing this principle [2] suggests that although the issue of counsel's stewardship at the time of the entry of the plea remains open for collateral attack, nevertheless, ignores the principle when it attempts to apply the *Marsh* formulation in this instance. The absurdity of such reasoning in my judgment is obvious.

MANDERINO, J., joins in this dissent.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974–75).

2. See *ante* at 900 n. 3.