402 A.2d 1008

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Howard Edwin MAY, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 26, 1979.

Decided July 5, 1979.

---

2. Section 28 of the Juvenile Act explicitly states that the transfer decision is interlocutory. 11 P.S. § 50–325 (Supp.1978–79).

372

Norman C. Henss, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Ann C. Lebowitz, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On December 15, 1976, the appellant, Howard Edwin May, tendered pleas of guilt to murder of the second degree and to robbery. Following an extensive colloquy, the guilty pleas were accepted by the trial judge and judgment of sentence of life imprisonment on the murder conviction and a concurrent judgment of sentence of ten to twenty years imprisonment on the robbery conviction were imposed.

May filed an appeal from the judgment of sentence imposed on the murder conviction in this Court. An appeal from the sentence imposed on the robbery conviction was

filed in the Superior Court and certified here. After the appeals were consolidated, May petitioned this Court to remand the matter to the trial court to enable him to file a motion for leave to withdraw the guilty plea.[1] We granted the petition "for the purpose stated . . . ."

On remand, the trial court conducted an evidentiary hearing and, as a result, ruled May was not entitled to withdraw his guilty pleas.[2] From the judgments of sentence, May now appeals.

The sole issue properly preserved for review is whether May's pleas were knowingly and intelligently entered because he allegedly did not fully understand the significance of the sentence to be imposed.[3] Specifically, he claims it

1. See *Commonwealth v. Brandon,* 485 Pa. 215, 401 A.2d 735 (1979); *Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977).

2. Where the withdrawal of a guilty plea is sought after sentence has been imposed, a showing of prejudice amounting to manifest injustice is required before the withdrawal is properly justified. *Commonwealth v. Rosmon,* supra; *Commonwealth v. Riggins,* 474 Pa. 507, 378 A.2d 1229 (1977); *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973).

3. May also asserts two other arguments in this appeal. First, he argues he is entitled to relief because the entire plea agreement allegedly was not disclosed to the trial court during the guilty plea colloquy, i. e. he alleges a term of the plea agreement was that a letter was to be sent to his parole board, after post-plea—cooperation with authorities in the apprehension of his co-felons, advising the parole board of his cooperation and recommending parole after thirteen years. Second, he argues he "did not understand the felony murder rule and his plea was not therefore knowingly entered."

However, in his counseled "Petition to Remand" May indicated that "[t]he primary basis for [the] appeal is that the negotiated plea[s were] not voluntarily entered in that it was petitioner's understanding that petitioner was to receive a maximum sentence of thirteen years." No secondary or other grounds for relief were stated in the petition. Further, May acknowledged in the petition his concern that a waiver would result from the failure to raise an issue at that time. In his petition, he requested that this Court "remand the record to the Court below for the purpose of entertaining a Motion for leave to withdraw the plea[s] of guilty." We granted the petition and ordered a "[r]emand for the purpose stated . . . ."

Thereafter, an evidentiary hearing was conducted pursuant to the remand order and the only issue addressed by the trial court in its

was his understanding that, as a result of a plea bargain, he was to receive a maximum prison sentence of thirteen years and not a life sentence.

At the evidentiary hearing conducted on remand, May testified that he was promised by the Commonwealth and his defense counsel that he would receive a thirteen year prison sentence if he plead guilty; that he agreed to enter the pleas on that basis; and, that he would not have entered the pleas had he thought a judgment of sentence of life imprisonment would be imposed. May further testified that he did not question the trial judge during the guilty plea colloquy when he was informed *on the record* that a judgment of sentence of life imprisonment on the murder conviction and a concurrent judgment of sentence of ten to twenty years imprisonment on the robbery conviction would be imposed [4] because ". . . everytime before [he] answered [he] looked at [his] counselor . . . and . . . received a nod to say, yes, or . . . to say, no. If [he] did not understand it, not to worry about it, that that would be explained to [him] afterwards." He testified he responded to the trial judge during the guilty plea colloquy according to defense counsel's prompting. Finally, May testified that he lied to the trial judge when he was asked whether he understood he would receive a life sentence for the murder

written opinion concerned the issue discussed textually. No mention was made of the other assignments of error now advanced. Also, no petition to withdraw the plea is of record.

Apparently, the evidentiary hearing was conducted on the basis of May's "Petition to Remand" because the record reveals no attempt by May to supplement or amend the stated grounds contained in the "Petition to Remand" upon which he sought relief.

Under these circumstances, because the assignments of error were not advanced in the trial court, the other issues now advanced are not properly preserved for appellate review. Cf. *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978); *Commonwealth v. Carpenter*, 472 Pa. 510, 372 A.2d 806 (1977).

4. The on-the-record guilty plea colloquy contains at least five separate instances where May was informed of the judgments of sentence that would be imposed pursuant to the plea negotiation, i. e. a life sentence on the murder conviction and a ten to twenty year concurrent sentence on the robbery conviction.

and a concurrent prison sentence of ten to twenty years for the robbery and that he lied to the trial judge again when he was asked whether he "understood everything."

In response to May's testimony, both defense counsel and the prosecutor who negotiated the pleas vigorously denied ever having promised May he would receive the lesser prison sentence. Both testified May was also informed *off the record* several times during the guilty plea negotiations that the life imprisonment sentence and ten to twenty year sentence would be imposed as a result of the pleas.

Further, in response to May's testimony that his answers during the guilty plea colloquy were the result of defense counsel's prompting, defense counsel testified he did not signal or prompt May during the colloquy. The trial judge who conducted the guilty plea colloquy and accepted the pleas also noted during the evidentiary hearing that he had observed no such conduct at that time. The record further reveals May did, in fact, question the trial judge during the guilty plea colloquy. This further evidences May was not "prompted" at that time.

After hearing the testimony and reviewing the record, the trial court concluded that May's testimony was "incredible and totally unbelievable" and that "the alleged thirteen year sentence was never mentioned as part of the plea negotiations at any time." It is for the hearing judge to resolve issues of credibility, *Commonwealth v. Alston,* 473 Pa. 40, 373 A.2d 741 (1977); *Commonwealth v. Hosack,* 459 Pa. 27, 326 A.2d 352 (1976); *Commonwealth v. Davis,* 452 Pa. 369, 306 A.2d 897 (1973), and, in our view, the record amply supports the court's finding that the pleas were knowingly and intelligently entered.

Judgments of sentence affirmed.