403 A.2d 516

COMMONWEALTH of Pennsylvania, Appellee,

v.

Edward S. ZAKRZEWSKI, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 8, 1979.

Decided July 5, 1979.

Calvin S. Drayer, Jr., George B. Ditter, Asst. Public Defenders, Norristown, for appellant.

William T. Nicholas, Dist. Atty., James A. Cunningham, Asst. Dist. Atty., Norristown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Edward S. Zakrzewski, entered a plea of guilty to murder generally on June 13, 1973 before the Court of Common Pleas of Montgomery County. Following a degree-of-guilt hearing, he was adjudged guilty of murder of the second degree and sentenced to imprisonment for a term of 10 to 20 years. On direct appeal to this Court, the judgment of sentence was affirmed. *Commonwealth v. Zakrzewski,* 460 Pa. 528, 333 A.2d 898 (1975). Zakrzewski was represented at trial and on direct appeal by the same court-appointed counsel.

On July 20, 1976, Zakrzewski, represented by new counsel, filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1978–79) [Hereinafter: PCHA]. Following a counseled evidentiary hearing, the petition was dismissed and relief was denied. This appeal is from the PCHA court's order.

■ On appeal, Zakrzewski claims, as he did in the PCHA proceedings in the trial court, that his guilty plea was a nullity because the plea colloquy did not comply with the standards set forth in Pa.R.Crim.P. 319(a) and postulated in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).[1] He also maintains the failure to challenge the validity of the guilty plea on this ground in his direct appeal does not preclude him from raising the issue in the instant proceedings because his counsel, who represented him at trial and on direct appeal, was ineffective in not advising him the plea colloquy was deficient.[2]

■ A study of the record of the guilty plea proceedings confirms Zakrzewski's claim that the plea colloquy did not comply with the standards mandated by *Commonwealth v. Ingram*, supra. The Commonwealth does not dispute this, but contends the plea colloquy "was adequate by the legal standards in effect as of June 13, 1973," the date the plea was entered. However, one of the readily apparent deficiencies in the plea colloquy is its failure to show before the plea was accepted that Zakrzewski had an understanding of

1. Specifically, Zakrzewski says he was not informed of: "(1) the elements of the charge of murder; (2) the elements of the right to trial by jury; and, (3) the presumption of innocence." Zakrzewski's PCHA petition also claims his guilty plea was unlawfully induced. The PCHA court decided this last issue was finally litigated in the direct appeal, see Section 4 of the PCHA, 19 P.S. §§ 1180–4, and the correctness of this ruling is not now challenged.

2. The issue of counsel's ineffectiveness is not waived because it was not raised on direct appeal since trial and appellate counsel were one and the same. Cf. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

the nature and elements of the charge against him. Even before *Ingram,* supra, and, more specifically, on June 13, 1973, an understanding of the offense charged was necessary to an intelligent and knowing guilty plea. See *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976).

■ Next, the Commonwealth contends the issue of the adequacy of the guilty plea colloquy is now foreclosed because the issue of whether "counsel was ineffective in conducting the guilty plea colloquy has been finally litigated" by this Court in the direct appeal. We must disagree.

While it is true that in *Commonwealth v. Zakrzewski,* supra at 532, 333 A.2d at 900, a majority of this Court expressed the view that "defense counsel's conclusion that it was in appellant's best interests to plead guilty was reasonable under the circumstances," the majority also stated, *Id.* at 532 n.3, 333 A.2d at 900 n.3, that counsel's effectiveness could be challenged collaterally and that effectiveness was being resolved only as to the advice to plead guilty. There was no claim in the direct appeal that counsel was ineffective for the reasons now advanced, and the record, as well as the Court's opinion, makes it very clear that this was not the issue.[3] It can hardly be said, therefore, that the issue of counsel's effectiveness has been decided previously. Cf. *Commonwealth v. Hare,* 486 Pa. ——, 404 A.2d 388 (1979).

Order reversed, and a new trial is granted.

EAGEN, C. J., and LARSEN, J., dissent. See *Commonwealth v. Minor,* 467 Pa. 230, 239, 356 A.2d 346, 351 (1976) (Dissenting Opinion, Pomeroy, J. joined by Eagen, J., [now C. J.]).

---

**3.** The only contention advanced on direct appeal was that the guilty plea was involuntarily entered because it was motivated: (1) by the existence of a confession secured under impermissible circumstances; and, (2) by misrepresentations on the part of trial counsel that the district attorney and the court had agreed to the imposition of a prison sentence not to exceed 7 to 15 years.