J-S14020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DINGLE, | |
| Appellant | No. 1319 EDA 2014 |

Appeal from the Judgment of Sentence of February 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000053-2013

BEFORE:  DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED MARCH 03, 2015**

Appellant, Michael Dingle, appeals from the judgment of sentence entered on February 3, 2014, as made final by the denial of Appellant's post-sentence motion on April 11, 2014.

The trial court has thoroughly and ably summarized the underlying facts and procedural posture of this case.  As the trial court explained:

> On February 3, 2014, [Appellant] entered a negotiated guilty plea to third-degree murder, conspiracy to commit third-degree murder, recklessly endangering another person, possession of an instrument of crime, carrying a firearm without a license . . . , and carrying a firearm on a public street or property in Philadelphia. . . .[1]

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a), 2705, 907(a), 6106(a)(1), and 6108, respectively.

[Appellant pleaded] guilty to the above-mentioned charges based on the following facts. On May 7, 2012, [Appellant and Appellant's co-defendant, Andre Logan,] conspired to murder [18-year-old] Robert Alder Sneed, III, on the 1900 block of Kinsey Street in Philadelphia. At the time, Logan was involved in an ongoing feud with Mr. Sneed. At approximately 4:00 p.m. on May 7, 2012, Logan saw Mr. Sneed at the corner of Kinsey and Tackawanna Streets. Logan walked past Mr. Sneed and stood outside of Clarita's Grocery Store, where he encountered [Appellant]. Logan and [Appellant] then walked into an alley or small street about 100 yards away from the grocery store, where the two men had a conversation.

After their conversation, Logan approached Mr. Sneed, who was standing with two other individuals, and began a verbal dispute with him. Shortly after this confrontation began, [Appellant] walked from the alleyway or the house adjacent to the alleyway and approached with his hoodie over his head. [Appellant] walked up behind Logan, then removed a Taurus caliber .380 handgun from Logan's waist and shot Mr. Sneed in the chest and abdomen. [Appellant] also shot Mr. Sneed four times in the back. The medical examiner, Dr. Marlin Osborne, a forensic pathologist, performed an autopsy on the victim and determined that the cause of Mr. Sneed's death was multiple gunshot wounds to the chest, abdomen[,] and back, and that the manner of death was homicide.

[Appellant] fled the scene and went to an apartment on Orthodox Street, where he met up with Logan. [Appellant] returned the firearm to Logan, who was later apprehended at 2035 Orthodox Street. The gun was found in a closet and later submitted to the criminalistics unit for processing. [Appellant's] DNA was found on both the trigger and the magazine of the gun. [Appellant] did not have a valid license to carry a firearm on May 7, 2012. [Appellant] was arrested on May 10, 2012 by members of the Fugitive Task Force, who found him hiding under a car in an alleyway at 5913 West Walton Avenue.

. . .

On [February 3, 2014], [Appellant] was sentenced to [serve] the negotiated [sentence of 30 to 60] years [in prison]. . . .

Trial Court Opinion, 7/8/14, at 1-2.

On February 14, 2014, Appellant filed a timely[2] post-sentence motion to withdraw his guilty plea. Within this petition, Appellant claimed that he should be permitted to withdraw his guilty plea because "his counsel did not investigate or speak with important witnesses in the case and [Appellant] still maintains his innocence." N.T. Post-Sentence Motion Hearing, 4/11/14, at 8; Appellant's Petition to Withdraw Guilty Plea, 2/14/14, at 1-2. Following a hearing, the trial court denied Appellant's post-sentence motion on April 11, 2014.

Now on appeal, Appellant raises the following claim to this Court:

Did [Appellant] enter into a knowing, voluntary, and intelligent negotiated guilty plea?

Appellant's Brief at 4.

Stated more fully, within the argument section of Appellant's brief, Appellant claims only that his "plea of guilty was not knowing, voluntary, or intelligent[] because the psychological effects of his ADHD disorder, in combination with his failure to take prescribed medication on the date of his plea, combined to overcome his will, thereby rendering the plea unknowing,

_____

[2] Although Appellant's post-sentence motion was filed on February 14, 2014, the motion was timely because the City of Philadelphia courts were closed on February 13, 2014, due to a snowstorm.

- 3 -

involuntary, and unintelligent." Appellant's Brief at 10. Appellant's claim on appeal is waived, as Appellant did not raise the specific claim before the trial court in his post-sentence motion to withdraw his guilty plea. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 ("[i]n order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion") (internal quotations, citations, and corrections omitted); *Commonwealth v. May*, 402 A.2d 1008, 1009 n.3 (Pa. 1979) (where, in the trial court, appellant sought to withdraw his guilty plea based upon the specific claim that appellant "did not fully understand the significance of the sentence to be imposed," appellant waived, for appellate review, the claim that he was entitled to withdraw his guilty plea because he "did not understand the felony murder rule and his plea was[, therefore,] not [] knowingly entered").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2015

- 4 -