J-S05008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN GONZALES | : | |
| | : | |
| Appellant | : | No. 430 WDA 2017 |

Appeal from the Judgment of Sentence Entered February 7, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000430-2016

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                         FILED FEBRUARY 26, 2018

Appellant, Nathan Gonzales, appeals from the judgment of sentence entered on February 7, 2017, as made final by the denial of Appellant's post-sentence motion on February 16, 2017.  We affirm.

On January 23, 2017, Appellant pleaded guilty to aggravated assault at docket number CP-61-CR-0000430-2016 (hereinafter "Docket 430-2016").[1]  In exchange for Appellant's plea, the Commonwealth agreed to: 1) nolle pros all remaining counts at the docket number, and 2) recommend that Appellant's sentence run concurrent with the sentence Appellant would

_____

[1] 18 Pa.C.S.A. § 2702(a)(4).

_____
*   Retired Senior Judge assigned to the Superior Court.

receive at docket number CP-61-CR-0000338-2016 (hereinafter "Docket 338-2016").[2]   N.T. Guilty Plea Hearing, 1/23/17, at 5-6.

During the guilty plea hearing, Appellant admitted that the factual basis for his aggravated assault conviction was as follows:   "on [March 25, 2016, Appellant] did strike [the Victim] with some form of an implement, namely what was alleged to be brass knuckles, and as a result, [the Victim] suffered a [non-displaced] fracture of his jaw."   Id. at 13.   The trial court accepted Appellant's guilty plea and scheduled sentencing for February 7, 2017.   Id. at 21.

Appellant appeared for sentencing on the scheduled date.   As the trial court explained:

> Given the nature of [Appellant's] offenses, a pre-sentence investigation ("PSI") [report] was prepared [after Appellant's guilty plea hearing].   Using this PSI, the [trial] court calculated [Appellant's] prior record score ("PRS") to be of the repeat felony 1 and felony 2 ("RFEL") category. [Prior to receiving the PSI], [] counsel for the Commonwealth and both of [Appellant's] defense attorneys [incorrectly believed] that [Appellant's] PRS would be a five. The [trial] court, again on the record, walked through the convictions which would lead to an RFEL classification, with which all attorneys agreed.
>
> Given the confusion surrounding the PRS, and that [Appellant] had apparently relie[d] upon the PRS in deciding whether or not to accept the plea offer, [Appellant's attorney] understandably expressed some trepidation as to

_____

[2] At Docket 338-2016, Appellant was convicted of criminal use of a communication facility, in violation of 18 Pa.C.S.A. § 7512(a).   See N.T. Sentencing Hearing, 2/7/17, at 24.

her client's willingness to continue with the sentencing. Accordingly, [the trial] court permitted the parties to have discussions while the [trial] court proceeded with sentencing another individual. The [trial] court, at that point, would have permitted [Appellant] to withdraw his guilty plea should he have elected to do so, or at least entertained a motion to do so pending the Commonwealth's response.

However, [Appellant], presented with this opportunity, chose to proceed with sentencing. [The trial] court sentenced [Appellant] to three [] to seven [years'] incarceration at [Docket 338-2016] and [40] months to [ten years' incarceration] at [Docket 430-2016], [to] run concurrently in accordance with the plea agreement, with credit allowed for [306] days. The sentences complied with the applicable guidelines given the offense gravity scores and [Appellant's] status as RFEL.

Trial Court Opinion, 4/5/17, at 1-2 (internal footnotes and some internal capitalization omitted).

On February 15, 2017, Appellant filed a post-sentence motion and, within the motion, Appellant requested that the trial court reconsider its sentence "and to sentence him using the standard range for a [five] prior record score." Appellant's Post-Sentence Motion, 2/15/17, at 2. As Appellant claimed:

[Appellant's] counsel . . . and the prosecutors on each of his criminal cases incorrectly determined [Appellant's] prior record score as a five []; however, at the time of sentencing, the [trial] court determined that [Appellant's] prior record score [was] RFEL.

The offense gravity score of the crime of aggravated assault with a deadly weapon [] is an [eight] and [Appellant] was under the impression that with a prior record score of a [five], his standard range [sentence] was 27 to 33 months; however with a prior record score of RFEL, the standard range for a crime with an offense gravity score of [eight] is

- 3 -

40 to 52 months and that is a [seven] month difference between the top of the original anticipated standard range to the bottom of the standard range used by the [trial] court at sentencing.

[Appellant's belief that his prior record score was five was] based off of the Pennsylvania RAP sheet provided by the Commonwealth in discovery; furthermore, in plea negotiations, the prosecutor . . . had determined the prior record score to be a [five].

[However, Appellant had a felony] burglary on his record that did not appear on his RAP sheet[, as Appellant was a juvenile when he committed the burglary,] . . . and that is what brought [Appellant] to the RFEL level. . . .

Despite the fact that [the] prior record score is not specifically in a plea negotiation, [Appellant's] counsel used the standard range for a prior record score of a [five] to negotiate with the prosecutor (who agreed at the time that it was a [five]) and to help [Appellant] make an informed decision regarding whether to accept a plea or to assert his constitutional right to have a trial by jury using his valid self-defense claim.

[Appellant] did not make an informed decision when determining that he would take a plea because he was not given the appropriate information regarding his potential sentencing range.

[Appellant] is asking the court to reconsider his sentence and to sentence him using the standard range for a [five] prior record score and an offense gravity score of [eight], which would be a range of 27 to 33 months of incarceration for the minimum sentence; [Appellant] asks for this reconsideration based on the fact that he did not have accurate information regarding his prior record score when making the decision to accept a plea and it should be considered not to be a fully informed decision.

WHEREFORE, [Appellant] . . . respectfully requests [the trial court] to reconsider [Appellant's] sentence.

Appellant's Post-Sentence Motion, 2/15/17, at 1-2 (paragraph numbering and some internal capitalization omitted).

The trial court denied Appellant's post-sentence motion on February 16, 2017 and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:[3]

> The plea in this case was not entered knowingly, intelligently or voluntarily, when the plea was entered based on a negotiated prior record score that was not used during the sentencing.

Appellant's Brief at 2.

On appeal, Appellant claims that he should be permitted to withdraw his plea because "he would not have entered his plea had he known that the prior record score discussed at the time of the plea was incorrect." Id. at 3. This claim is waived, as Appellant never requested that the trial court permit him to withdraw his plea. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal");

_____

[3] On April 17, 2017, Allison D. Hartle, Esquire (hereinafter "Attorney Hartle"), of the Venango County Office of the Public Defender, entered her appearance for Appellant; on July 19, 2017, Attorney Hartle filed an appellate brief on Appellant's behalf. However, on August 21, 2017, the Public Defender's Office filed a petition to strike Attorney Hartle's brief. See Petition to Strike Brief, 8/21/17, at 1-4. We granted the Public Defender's petition on August 24, 2017 and, in so doing, struck Attorney Hartle's brief and granted Appellant 60 days to file a new brief. Order, 8/24/17, at 1.

On October 13, 2017, Tina M. Fryling, Esquire (hereinafter "Attorney Fryling"), entered her appearance for Appellant; Attorney Fryling later filed the appellate brief on behalf of Appellant. See Appellant's Brief at 1-9.

Commonwealth v. Tareila, 895 A.2d 1266, 1270 n.3 ("[i]n order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion") (internal quotations, citations, and corrections omitted); Commonwealth v. May, 402 A.2d 1008, 1009 n.3 (Pa. 1979) (where, in the trial court, appellant sought to withdraw his guilty plea based upon the specific claim that appellant "did not fully understand the significance of the sentence to be imposed," appellant waived, for appellate review, the claim that he was entitled to withdraw his guilty plea because he "did not understand the felony murder rule and his plea was[, therefore,] not [] knowingly entered"); see also Appellant's Post-Sentence Motion, 2/15/17, at 1-2 ("[Appellant] is asking the court to reconsider his sentence and to sentence him using the standard range for a [five] prior record score and an offense gravity score of [eight], which would be a range of 27 to 33 months of incarceration for the minimum sentence") (emphasis added).

Further, even if the claim were not waived, the claim would fail on its merits. We have summarized the applicable standard of review and substantive rules regarding an order denying a post-sentence motion to withdraw a guilty plea:

> A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently.

- 6 -

. . .

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the [trial] court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered.  As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

This Court has further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its

consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

A defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

Commonwealth v. Yeomans, 24 A.3d 1044, 1046-1047 (Pa. Super. 2011) (internal corrections and footnotes omitted) (some internal citations and quotations omitted).

Appellant claims that he is entitled to withdraw his plea because, during the plea negotiations, he was under the impression that his prior record score was a five (and not RFEL). However, Appellant's prior record

score was not a part of Appellant's plea deal with the Commonwealth and, prior to sentencing, the trial court specifically informed Appellant that his prior record score was RFEL – and not five. N.T. Guilty Plea Hearing, 1/23/17, at 5-6; N.T. Sentencing Hearing, 2/7/14, at 14. Further, after the trial court informed Appellant that his prior record score was RFEL – and that, as a result, the guideline sentencing ranges were greater than what Appellant had originally believed – the trial court gave Appellant time to speak with his attorney and decide whether to go forward with sentencing. N.T. Sentencing Hearing, 2/7/14, at 16-18. Appellant chose to go forward with sentencing, knowing full well that his prior record score was RFEL (and not five). Id. at 18. Appellant cannot now complain that he should have been permitted to withdraw his plea when he never asked to withdraw his plea and, after being informed of his correct prior record score, he voluntarily, knowingly, and intelligently chose to proceed with sentencing.

Thus, even if Appellant's claim were not waived, the claim fails on its merits.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2018

- 9 -