J-S15019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEITH DARRIN MORRISON, | : | |
| | : | |
| Appellant | : | No. 1348 EDA 2017 |

Appeal from the Judgment of Sentence February 10, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0000273-2015

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 18, 2018**

Appellant, Keith Darrin Morrison, appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas after he entered a negotiated guilty plea to one count of Burglary.[1]  On appeal, he challenges the validity of his plea.  Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

The trial court set forth the underlying facts in its Pa.R.A.P. 1925(a) Opinion and we need not repeat them in detail.  ***See*** Trial Court Opinion, filed

_____

[1] 18 Pa.C.S. § 3502(a)(1).

9/28/17, at 1-2.  Briefly, in June 2014 Appellant broke into a home in Upper Merion Township and stole cash and watches valued at $42,000.  On February 10, 2016, Appellant entered a negotiated guilty plea to one count of Burglary and the court immediately sentenced him to the negotiated term of 7½ to 15 years' incarceration.  Significantly, Appellant did not file a Post-Sentence Motion or a Notice of Appeal.

On November 22, 2016, Appellant filed a *pro se* PCRA Petition alleging plea counsel's ineffectiveness.  The PCRA court appointed counsel, who filed an Amended PCRA Petition on February 16, 2017, alleging plea counsel's ineffectiveness for failure to file a requested direct appeal.  The PCRA court held an evidentiary hearing, at which Appellant, his plea counsel, and another attorney testified.[2]  On April 5, 2017, the PCRA court granted Appellant's PCRA Petition and reinstated Appellant's direct appeal rights *nunc pro tunc*.

On April 24, 2017, Appellant filed a timely Notice of Appeal.[3]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On December 12, 2017, counsel filed a Brief and a Petition to Withdraw pursuant to **Anders** and **Santiago**.  Appellant did not file a response to counsel's **Anders** Brief.

_____

[2] Appellant's retained counsel did not handle Appellant's plea; a colleague covered Appellant's guilty plea hearing.  **See** N.T. PCRA, 3/29/17, at 27-28. Both attorneys testified at the PCRA hearing.  Appellant appeared by video from SCI Pine Grove.

[3] Appellant's PCRA counsel continued to represent Appellant.

In his *Anders* Brief, counsel raised one issue:

Is the Appellant, Keith D. Morrison, entitled to a new trial on the basis that his negotiated guilty plea was not knowing, voluntary and intelligent[?]

*Anders* Brief at 3.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id*. *See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an *Anders* Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Goodwin*, *supra* at 291; *Commonwealth v. Yorgey*, ____ A.3d ____, 2018 PA Super 136, *5 (Pa. Super. filed May 24, 2018) (*en banc*) (noting that

*Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel in the instant appeal has complied with the above requirements. We thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In the *Anders* Brief, Appellant's counsel raised a challenge to the validity of Appellant's guilty plea. *Anders* Brief at 5-9. Specifically, Appellant argues, *inter alia*, that plea counsel caused him to enter an unknowing and involuntary plea because the plea colloquy was deficient. *Id.* Before we address the merits of Appellant's claim, we must first determine whether Appellant preserved this issue in the court below.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Where an appellant failed to challenge his guilty plea in the trial court, he may not do so on appeal. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003). An appellant may not cure his failure by raising the issue in his Pa.R.A.P. 1925(b) Statement of Errors. *Id.*

In order to preserve a challenge to the validity of a guilty plea, the appellant must either object during the sentencing colloquy, at the sentencing hearing, or by filing a post-sentence motion. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). *See*, *e.g.*, *Commonwealth v. May*, 402 A.2d 1008, 1009 n.3 (Pa. 1979) (holding that appellant waived

claim on appeal that he was entitled to withdraw his guilty plea because he "did not understand the felony murder rule and his plea was[, therefore, not] knowingly entered[,]" where appellant did not present this specific claim in the trial court).

Here, Appellant failed to challenge the validity of his guilty plea during his plea hearing. *See* N.T. Plea, 2/10/16, at 5-13. Appellant did not file a post-sentence motion or otherwise seek to withdraw his guilty plea. Accordingly, this claim is waived because Appellant never requested that the trial court permit him to withdraw his plea. Pa.R.A.P. 302(a); *Watson*, 835 A.2d at 791.

Further, even if the claim were not waived, the claim would fail on its merits. "A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." *Id.*

Pa.R.Crim.P. 590 requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is voluntarily and knowingly tendered. The comments to Pa.R.Crim.P. 590 specify that "nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made

- 5 -

part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." *Id.*

We have reviewed Appellant's written and oral guilty plea colloquies, and conclude that the record belies Appellant's claim that they were deficient and, thus, unknowing and involuntary. The Honorable Gail A. Weilheimer, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing relevant case law in addressing Appellant's claim. *See* Trial Court Opinion, filed 9/28/17, at 3-6 (concluding Appellant's guilty plea was knowing, voluntary, and intelligent because the court inquired into the areas required under Pa.R.Crim.P. 590; (2) the court informed Appellant of his post-sentence and appellate rights; and (3) Appellant's oral and written colloquies were thorough and sufficient, and Appellant may not now contradict his statements contained on the record). Thus, even if Appellant had not waived this issue for review, Appellant's challenge to the validity of his negotiated guilty plea would warrant no relief.

After conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/18

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | Common Pleas Court No.: |
| | : | CP-46-CR-0000273-2015 |
| v. | : | |
| | : | Superior Court No.: |
| KEITH DARRIN MORRISON | : | 1348 EDA 2017 |
| | : | |

## OPINION

**WEILHEIMER, J.**                                                    **September 28 , 2017**

Appellant, Keith Darrin Morrison, instantly appeals the trial court's finding that his negotiated guilty plea entered on February 10, 2016, is voluntary, knowing, and intelligent. For the reasons that will follow, Appellant's guilty plea and corresponding judgment of sentence should be affirmed.

## FACTUAL HISTORY

On February 10, 2016, Appellant pleaded guilty to the following factual basis stated by counsel for the Commonwealth at the Guilty Plea Hearing:

> Q: Sir, you understand that by pleading guilty, you are admitting that on June 26 of 2014, in Upper Merion Township, Montgomery County, you did, using a large stone, unlawfully enter into a home where inside, you took cash and watches valued at $42,000, without the permission of the owner of that home?
>
> A: Yes.
>
> [...]
>
> Q: You then took those items and, at least some of those items, and sold them at a pawn shop. Do you understand that that's what you're admitting?
>
> A: Yes.

(N.T. – Guilty Plea at 8, February 10, 2016.)

## PROCEDURAL HISTORY

On January 14, 2015, the Criminal Complaint and Affidavit of Probable Cause were filed with this Court of Common Pleas. (Criminal Complaint, 1/14/2015.) On April 9, 2015, the Bill of Information

was filed, charging Appellant, *inter alia*, of Count 1 – Burglary: Overnight Accommodation, Person Present, Title 18 Pennsylvania Consolidated Statutes Annotated (Pa. C.S.A.) Section (§) 3502(a)(1), a felony of the first degree. (Bill of Information, 4/9/2015.) On February 10, 2016, Appellant entered a negotiated guilty plea on an Amended Count 1 – Burglary, a felony of the first degree, and was subsequently sentenced on the same day to imprisonment for not less than seven-and-a-half (7.5) years nor more than fifteen (15) years in a designated State Correctional Institution.[1] (Disposition – Corrected, 2/10/2016.)

On November 22, 2016, Appellant filed *pro se* his Petition for Post-Conviction Collateral Relief ("PCRA Petition"), seeking a reinstatement of his direct appellate rights on the basis of ineffective assistance of counsel. (Pro Se Filing – PCRA Petition, 11/22/2016.) On April 4, 2017, Gregory DiPippo, Esquire, was appointed as PCRA Counsel for Appellant, who in-turn, filed an Amended PCRA Petition on Appellant's behalf on February 16, 2017. (Def Filing – Amended PCRA Petition, 2/16/2017.) On March 29, 2017, a Hearing was held on Appellant's Amended PCRA Petition, after which the trial court granted Appellant relief by reinstating *nunc pro tunc* his direct appellate rights. (N.T. – Hr'g on Amended PCRA, 3/29/2017; Court Order, 4/4/2017.)

On April 24, 2017, Appellant filed his Notice of Appeal[2] with the Superior Court of Pennsylvania ("Superior Court"), and on May 1, 2017, the trial court ordered Appellant to file his Concise Statement of Matters Complained of on Appeal ("Concise Statement") pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.). (*See* Notice of Appeal, 4/24/2017; 1925(b) Order for Concise Statement, 5/1/2017.) On May 19, 2017, Appellant's Concise Statement was filed, raising the following issue:

1. DEFENDANT WISHES TO RAISE THAT HIS GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND

---

[1] This sentence was made concurrent to all previously imposed sentences, *i.e.*, in the associated criminal matter, CR-0003080-2008.

[2] Gregory DiPippo, Esquire, continued his legal representation of Appellant on direct appeal following the trial court's granting of PCRA relief.

2

INTELLIGENTLY ENTERED.   UNDERSIGNED COUNSEL WILL BE FILING AN <u>ANDERS</u> BRIEF ON APPEAL WITH THE SUPERIOR COURT.

(Def/Concise Statement, 5/19/2017.)

## DISCUSSION

## I.    STANDARD OF REVIEW

"[I]n order to sustain the entry of a guilty plea[,] the reviewing court must be satisfied that[,] 'the facts acknowledged by the defendant constitute a prohibited offense,' and that[,] 'the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Clinger*, 833 A.2d 792, 795 (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 313 (Pa. Super. 1993)). *See also* Pa. R. Crim. P. 590 (Pleas and Plea Agreements) (West 2017).

## II.    APPELLANT'S GUILTY PLEA IS VOLUNTARY, KNOWING, AND INTELLIGENT, AND THEREFORE OUGHT TO BE SUSTAINED.

For the reasons that will follow, Appellant's guilty plea is voluntary, knowing, and intelligent, and therefore should be sustained on appeal by the Superior Court.  Moreover, the trial court notes defense counsel's intent to file a brief in the Superior Court pursuant to *Charles Anders v. State of California*, 87 S. Ct. 1396 (U.S. 1995) (upon finding client's case to be wholly frivolous after a conscientious examination, defense counsel should so advise the court and request permission to withdraw, accompanied by brief referring to anything in the record that might arguably support the appeal).

Rule 590 of the Pennsylvania Rules of Criminal Procedure (Pa. R. Crim. P.) provides the procedure for taking pleas and plea agreements.  Pa. R. Crim. P. 590.  "A defendant may plead [...] guilty[;]" however, "the judge [...] shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered.  Such inquiry shall appear on the record." *Id.* "When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement[.]" *Id.* "The judge shall

3

conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea [...] is based." *Id.* The Comment to Rule 590 further provides a non-exhaustive list of questions that the judge or counsel, at a minimum, should ask the defendant during a colloquy in order to determine the plea is being tendered voluntarily and understandingly. *See id.* (Comment).

"[O]nce the defendant has entered a guilty plea, 'it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.'" *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super 2008)). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Willis*, 68 A.3d at 1002 (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010)).

The instant record reflects Appellant understands the guilty plea that he voluntarily tendered, as he was given a qualifying examination (oral colloquy) during which the undersigned and counsel for both parties clearly explained the terms of the plea agreement and special conditions on sentencing. (N.T. – Guilty Plea, February 10, 2016.) Moreover, prior to the oral colloquy, defense counsel thoroughly went over a written colloquy with Appellant to ensure he understood the terms of the plea agreement and its corresponding sentencing conditions.

The terms of the negotiated plea agreement were placed on the record as follows:

| [DEFENSE COUNSEL]: | Your Honor, the terms are [...] [Appellant is] pleading guilty to burglary, F1; that's to be a 7.5 to 15, cost of prosecution, no contact with the victim, obviously. And it's to run concurrent to all previously imposed sentences. And, Your Honor, I want to make sure it's on the record we are also requesting – and the Commonwealth has no objection – that it be made to run concurrent to his parole hit, which he is now serving. [...] Your Honor, it would be on 3080 of 2008. |
|---|---|

4

THE COURT: That's the parole violation?

[DEFENSE COUNSEL]: Correct.

(N.T. – Guilty Plea at 3-4, February 10, 2016.) Thereafter, the defense counsel conducted Appellant's qualifying examination on the record, which the trial court attached to the instant Opinion as **Exhibit A**. (*Id.* at 5.) During the oral colloquy with Appellant, defense counsel referenced the written colloquy that he had previously gone over with Appellant, which the trial court attached to the instant Opinion as **Exhibit B**. (*Id.* at 6-7 (Written Guilty Plea Colloquy admitted as Defendant's Exhibit D-1).) Notably, Appellant testified he answered each of the questions on the written colloquy truthfully, he initialed each page of the written colloquy, and he signed the back of the colloquy. (*Id.* at 6-7.) Appellant also testified he was satisfied with defense counsel's advice and representation. (*Id.* at 7.)

Following Appellant's oral colloquy with defense counsel, counsel for the Commonwealth gave the factual basis for the guilty plea[3], to which Appellant agreed. (*Id.* at 8-9.) The Commonwealth also confirmed Appellant was in agreement with his potential sentence, as follows:

> Q: Do you understand this crime is graded as a felony of the first degree? That means that the maximum sentence you could receive is 10 to 20 years in jail and/or up to a $25,000 fine. Do you understand?
>
> A: Yes.

(*Id.* at 8-9.)

Based upon the aforementioned, the trial court found Appellant was tendering a knowing and voluntary guilty plea; thus, accepting the same and proceeding to sentencing. (*Id.* at 9.)

---

[3] *See* "Factual History" Section of the instant Opinion, *supra*, for the factual basis.

5

# CONCLUSION

Wherefore, Appellant's guilty plea should be sustained and his corresponding sentence affirmed.

BY THE COURT:

**GAIL A. WEILHEIMER,**                    **J.**

**Copy mailed on September ⅛, 2017, to:**
Superior Court Prothonotary
Defense Counsel, Gregory DiPippo, Esquire
DDA, Robert Falin, Esquire
Defendant, Keith Morrison, HR-8741, SCI – Pine Grove

6